**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**TRAMICA SHANTRELL NEWTON** **PLAINTIFF**

**v.** **Civil No. 1:26-cv-46-HSO-BWR**

**MARK NECAISE, KIMBERLY NECAISE, ROCKET MORTGAGE, LLC, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS [6], [9], [12] TO DISMISS**

In this real property dispute, Defendants Mortgage Electronic Registration Systems Inc.; Rocket Mortgage, LLC; and Mark and Kimberly Necaise (collectively, "Defendants") have filed Motions [6], [9], [12] to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and (b)(6), seeking dismissal of all claims brought by pro se Plaintiff Tramica Shantrell Newton ("Plaintiff" or "Newton"). Plaintiff failed to timely respond to Defendants' Motions [6], [9], [12] pursuant to Local Uniform Civil Rule 7(b)(4), but even considering her untimely Responses [20], [22], [26], the result remains the same. Defendants' Motions [6], [9], [12] should be granted in part and denied in part, and Plaintiff's federal claims against all Defendants should be dismissed. The Court will decline to extend supplemental jurisdiction over the remaining state-law claims, and they will be dismissed without prejudice.

## I. BACKGROUND

On May 8, 2020, Plaintiff Tramica Shantrell Newton purchased a house in

Mississippi by executing a Deed of Trust through Defendant Rocket Mortgage, LLC ("Rocket Mortgage"). Compl. [1] at 6. Then, in May 2023, Plaintiff allegedly received a call from a Rocket Mortgage agent who stated that her monthly payment would be increasing from $1,906.98 to $2,909.98 for failing to maintain homeowner's insurance. *Id.* Plaintiff asserts that she made a payment of $1,906.98 in June but missed a payment in July because Rocket Mortgage would not accept a partial payment. *Id.* In August 2023, Plaintiff received a Notice of Acceleration and Foreclosure from Rubin Lublin, LLC, stating the home would be sold at foreclosure the next month. *Id.* Defendant Mark Necaise ("Mr. Necaise") attended this foreclosure sale and purchased the property. Mot. [12] at 2; Mem. [13] at 5.

Following the foreclosure sale, Plaintiff alleges she was harassed by Defendants Mark and Kimberly Necaise ("Mrs. Necaise") (collectively, "Necaises"), among many others, because they continually attempted to enter the property. Compl. [1] at 6-7. On October 6, 2023, Newton sued Rocket Mortgage and other defendants in a separate, state-court action for negligence, fraud in the concealment, fraud in the inducement, slander of title, and for violating the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, based upon the foreclosure. *See* Mot. [12-1]. That case was removed to this Court and was subsequently dismissed for failure to state a plausible claim for relief as to Rocket Mortgage. *See Newton v. Deutsche Bank Nat'l Tr. Co. Americas*, 1:23-cv-308-HSO-BWR, 2024 WL 477012 (S.D. Miss. Feb. 7, 2024).

While that litigation was ongoing, Mr. Necaise allegedly attempted to

approach Newton and gain access to the property without having to take legal action by offering her $10,000.00 to move out by the end of October 2023. *See* Compl. [1] at 7. This attempt failed, so Mr. Necaise filed suit against Newton and Rocket Mortgage in the Chancery Court of Hancock County, Mississippi, on November 9, 2023, seeking a Temporary Restraining Order ("TRO") and to quiet title. *See* Mot. [12-4]. The Chancery Court granted the TRO and enjoined Newton from preventing Mr. Necaise from entering the property to inspect and photograph the house. *See* Mot. [12-5]. Plaintiff then received a 30-day eviction notice along with a summons to appear in court on November 30, 2023. Compl. [1] at 7. During a hearing before the Chancery Court on December 14, 2023, Newton caused a disruption that led to her subsequent arrest and incarceration. *See* Mot. [12-11]. Plaintiff claims to still live at the property. Compl. [1] at 24.

B. Procedural History

Proceeding pro se, on February 13, 2026, Plaintiff brought this action alleging violations of the FDCPA under 15 U.S.C. § 1692, wrongful foreclosure, breach of contract, slander of title, and fraud. Compl. [1] at 9-18. The Court understands the Complaint [1] as claiming that the Necaises and Rocket Mortgage are considered "debt collectors" under 15 U.S.C § 1692(a)(6), *id.* at 9, and that they collectively engaged in false, misleading, or deceptive behavior in connection with collecting a debt, *id.* at 10. According to Plaintiff, attempting to gain legal access to the property sold at the foreclosure sale is the "debt" the Necaises and Rocket Mortgage were attempting to collect. *Id.*

Plaintiff also asserts that Rocket Mortgage wrongfully foreclosed on the home

based upon her missed payments. *Id.* at 12. Her other claims for breach of contract, slander of title, and fraud, are advanced against Defendant Mortgage Electronic Systems Registration Systems, Inc. ("MERS"), Rocket Mortgage, and the Necaises. Id. at 14-19. These other claims relate to MERS assigning its rights in the Assignment of Deed of Trust to Rocket Mortgage on June 7, 2023. *Id.* It is alleged that a false statement pertaining to slander of title and fraud exists within this document. *Id.*

On March 18, 2026, Defendant MERS filed a Motion [6] to Dismiss for failure to state a plausible claim for relief, arguing that Plaintiff fails to plead a cause of action against it for violating the FDCPA, for wrongful foreclosure, or for breach of contract. *See* Mot. [6]; Mem. [7]. Additionally, MERS argues that the Complaint [1] fails to allege a false statement to support her slander of title and fraud claims. *Id.* Defendant Rocket Mortgage filed its Rule 12(b)(6) Motion [9] to Dismiss on March 23, 2026, on grounds that Newton's claims are barred by res judicata. *See* Mot. [9]; Mem. [10]. The Necaises' Motion [12] to Dismiss, filed on March 25, 2026, raises lack of subject-matter jurisdiction under the *Rooker-Feldman*[1] doctrine and failure to state a claim for which relief may be granted because the FDCPA claims are barred by the statute of limitations. *See* Mot. [12]; Mem. [13].

Plaintiff filed Responses to each of the Defendants' Motions [6], [9], [12], which were all untimely, *see* Resp. [20]; [22]; [26], but no Defendant has asked to strike them.

---

[1] *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

## II. DISCUSSION

### A. Relevant Legal Standards

When a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction and a Rule 12(b)(6) motion to dismiss for failure to state a claim are filed in conjunction with one another, a court must first assess the jurisdictional attack before deciding whether the complaint fails to state a claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over those claims designated by the Constitution or Congress. *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). "Under Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *Greiner v. United States*, 900 F.3d 700, 702-703 (5th Cir. 2018) (citations and internal quotations omitted). "[A] motion to dismiss for lack of subject-matter jurisdiction should be granted only if it appears certain that plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming*, 281 F.3d at 161. The party asserting jurisdiction has the burden of showing subject-matter jurisdiction exists. *Id.*

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (quotation marks omitted). Facial plausibility requires the plaintiff to plead factual content that allows the court to

draw a reasonable inference that the defendant is liable, and asks for more than the sheer possibility that the defendant acted unlawfully. *Id.* Courts must accept as true all factual allegations in a light most favorable to the plaintiff, but they are not bound to accept as true legal conclusions couched as factual statements. *Id.* "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). Although pro se complaints are held to less stringent standards, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *S. Christian Leadership Conf. v. Sup. Ct. of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).

B. Analysis

1. Mark and Kimberly Necaise's Motion [12] to Dismiss under Rule 12(b)(1)

a. *Rooker-Feldman*

The Necaises seek dismissal under Rule 12(b)(1) based upon the *Rooker-Feldman* doctrine because federal district courts cannot exercise appellate jurisdiction over final state-court judgments. Mot. [12] at 1; *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). This doctrine applies only in cases where a party receives an adverse final judgment in state court, and then files a suit in federal district court in an effort to effectively reverse the state-court judgment. *Illinois Cent. R. Co. v. Guy*, 682 F.3d 381, 390 (5th Cir. 2012). It can also apply when a plaintiff's claims are so inextricably intertwined with a state-

court judgment that the federal court is essentially being called upon to review the state court's decision. *Id.* at 390-91.

The Necaises claim the prior action they filed against Newton in Hancock County Chancery Court bars the current litigation because Plaintiff's FDCPA claims are inextricably intertwined with the claims she raised in state court. Mem. [13] at 13. The problem is that the *Rooker-Feldman* doctrine applies only to *final judgments* rendered in state court, *Illinois Cent.*, 682 F.3d at 390 (emphasis added), and the Chancery Court granted only a TRO to allow Mr. Necaise to enter the property for insurance purposes; it did not make a final adjudication on the merits or answer the quiet title issue in the order attached by the Necaises, *see* Mot. [12-5].

Because a TRO is not a final judgment that ends the litigation on the merits, Plaintiff is not asking the Court to review a final state-court judgment. *See Sammons v. Economou*, 940 F.3d 183, 185 (5th Cir. 2019) (stating a final judgment does not normally occur until there has been a decision that ends the litigation on its merits). A TRO is not a final judgment but "an emergency, short-term measure designed to preserve the status quo until a comprehensive hearing can be held," and it occurs before a court decides a case on the merits with full briefing and factual development. *See Mississippi Ass'n. of Educators v. Bd. of Trs. of State Insts. of Higher Learning*, 3:25-cv-417-HTW-LGI, 2025 WL 2142676, at *1 (S.D. Miss. July 20, 2025). A typical final judgment leaves nothing for the court to do but execute the judgment, *Sammons*, 940 F.3d at 186, but the Chancery Court's TRO merely allowed the Necaises temporary access to the property, Mot. [12-5]. So the decision to grant the TRO for the Necaises does not bar this Court from exercising

jurisdiction over Newton's current claims.

b. Diversity Jurisdiction

The Necaises also argue that Newton failed to adequately plead the citizenship of all parties under 28 U.S.C. § 1332. *See* Mot. [12] at 1-2. Although Newton and the Necaises being domiciled in Mississippi would normally defeat complete diversity, federal courts also have original jurisdiction under 28 U.S.C. § 1331 for those cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Mitchell v. Bailey*, 982 F.3d 937, 940 (5th Cir. 2020). When determining whether a claim arises under federal law, a court looks to the well-pleaded allegations of the complaint. *Mitchell*, 982 F.3d at 940. And if a district court has original jurisdiction in a civil action over a claim, it also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . ." 28 U.S.C. § 1367(a). The same case or controversy requirement is met where the supplemental claims are so related that they derive from a common nucleus of operative fact. *Bella v. Davis*, 531 F. App'x 457, 459 (5th Cir. 2013).

Here, the Court has original federal question jurisdiction due to the alleged violations of the FDCPA, Compl. [1] at 3, so it also has supplemental jurisdiction over Plaintiff's other state-law claims because they derive from a common nucleus of operative fact, 28 U.S.C. § 1367(a); *Bella*, 531 F. App'x at 459. The FDCPA claims stem from the foreclosure sale, Compl. [1] at 10, and the state-law claims for wrongful disclosure, breach of contract, slander of title, and fraud derive from the same series of facts relating to the foreclosure and events flowing from it, *see id*. at

9-18. The allegations in the Complaint [1] are sufficient to establish this Court has subject-matter jurisdiction, so Defendants' Motion [12] to Dismiss should be denied to the extent it argues lack of subject-matter jurisdiction.

2. All Defendants' Motions [6], [9], [12] to Dismiss under Rule 12(b)(6)

a. FDCPA claims against all Defendants

The Necaises' Motion [12] to Dismiss for failure to state a claim also seeks dismissal on grounds that Plaintiff's FDCPA allegations are barred by the statute of limitations. Mem. [13] at 18. Although Defendants Rocket Mortgage and MERS do not raise this argument in their Motions [6], [9], "a district court may sua sponte dismiss a complaint as frivolous on statute-of-limitations grounds where 'it is clear from the face of a complaint that the claims asserted are barred by the applicable statute of limitations.'" *Aguilar v. Abbot*, 172 F.3d 868, 868 (5th Cir. 1999) (per curiam). 15 U.S.C. § 1692k(d) provides that an action under the FDCPA may be brought in any appropriate United States District Court within one year from the date the violation takes place. 15 U.S.C. § 1692k(d). The statutory language clearly starts the one-year limitations period when the violating event occurs. *Rotkiske v. Klemm*, 589 U.S. 8, 13 (2019).

According to Complaint [1], the applicable violations alleged against all Defendants took place between May and November 2023. Compl. [1] at 6-8. Based on the pleadings, assuming the last alleged violation occurred on November 30, 2023, Plaintiff would have had to file her FDCPA claims on or before November 30, 2024, under § 1692k(d). Plaintiff did not file this suit until February 13, 2026, *see* Compl. [1], so it is evident from the pleadings that the FDCPA claims are time-

barred, *see Jones*, 339 F.3d at 366, and should be dismissed against all Defendants.

b. Supplemental Jurisdiction over State-Law claims

Plaintiff's FDCPA claims conferred the Court with original, federal-question jurisdiction. Without them, the Court lacks original jurisdiction unless there exists complete diversity between Plaintiff and all Defendants. Complete diversity requires all plaintiffs on one side of the controversy to be citizens of different states than all defendants on the other side; if a plaintiff and any one defendant are citizens of the same state, diversity is destroyed. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Here, the Court lacks diversity jurisdiction under 28 U.S.C. § 1332 because the Necaises and Newton were all citizens of Mississippi when the Complaint [1] was filed. *See* Compl. [1-1]; Mot. [12-11] at 2.

Where a district court has dismissed claims over which it had original jurisdiction, it has discretion to decline to exercise supplemental jurisdiction over the remaining state-law claims. *St. Germain v. Howard*, 556 F.3d 261, 263-64 (5th Cir. 2009). When deciding whether to exercise supplemental jurisdiction, a court considers statutory factors under 28 U.S.C. § 1367, and common-law considerations of judicial economy, convenience, fairness, and comity, although no single factor is dispositive. *Snapt Inc. v. Ellipse Communications Inc.*, 430 F. App'x 346, 350 (5th Cir. 2011) (per curiam). District courts may decline to exercise supplemental jurisdiction over a claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In this case, the factors weighing against exercising supplemental jurisdiction are that the Court has dismissed all claims over which it had original jurisdiction such that state-law claims now predominate, this case is at the early stages of litigation, and no discovery has taken place. Very little has been done at this point in the litigation, so the common-law factors favor declining supplemental jurisdiction. *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159-60 (5th Cir. 2011) (explaining that the judicial economy factor favors declining jurisdiction where neither party would need to duplicate any research, discovery, briefing, hearing, or other trial preparation work). Given the Court's evaluation of the relevant factors, it should decline to exercise supplemental jurisdiction over Newton's remaining state-law claims pursuant to § 1367(c).

3. <u>Plaintiff's Request for Leave to Amend</u>

Federal Rule of Civil Procedure 15(a) says courts shall freely give leave to amend, but it is by no means automatic. *See Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003). Newton tacks on a bare request for leave to amend at the end of her Complaint [1] and Responses [20], [22], [26], but such a request without any particular grounds for why the amendment should be permitted does not constitute a proper motion within the contemplation of Rule 15(a). Compl. [1] at 24; *see Waggoner v. Denbury Onshore, L.L.C.*, 612 F. App'x 734, 740-41 (5th Cir. 2015). Further, Newton has not submitted a proposed amended pleading attached

as an exhibit, as is required by Local Uniform Civil Rule 7(b)(2), nor has she indicated how she would be able to allege the necessary facts to survive a motion to dismiss as to the FDCPA claims, *see* Compl. [1], which are plainly time-barred as against all Defendants, *see id.* at 741 (holding the district court did not abuse its discretion to deny leave to amend where plaintiff neglected to explain how it could or would allege a false statement if leave to amend were granted). Therefore, amendment would be futile as to the FDCPA claims, and Newton's tacked-on request to amend should be denied. *See Goldstein*, 340 F.3d at 254 (stating Supreme Court indicated futility of amendment as plausible reason for district courts to deny leave to amend).

## III. CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Mortgage Electronic Registration Systems, Inc.'s Motion [6] to Dismiss is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**, and Plaintiff Tramica Shantrell Newton's federal claims against MERS are **DISMISSED WITH PREJUDICE**. The Court declines to exercise supplemental jurisdiction over the state-law claims against MERS, and they are **DISMISSED WITHOUT PREJUDICE.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant Rocket Mortgage, LLC's Motion [9] to Dismiss is **GRANTED IN PART** and **DENIED**

**WITHOUT PREJUDICE IN PART**, and Plaintiff Tramica Shantrell Newton's federal claims against Rocket Mortgage are **DISMISSED WITH PREJUDICE**. The Court declines to exercise supplemental jurisdiction over the state-law claims against Rocket Mortgage, and they are **DISMISSED WITHOUT PREJUDICE.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendants Mark and Kimberly Necaise's Motion [12] to Dismiss is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**, and Plaintiff Tramica Shantrell Newton's federal claims against Mark and Kimberly Necaise are **DISMISSED WITH PREJUDICE**. The Court declines to exercise supplemental jurisdiction over the state-law claims against Mark and Kimberly Necaise, and they are **DISMISSED WITHOUT PREJUDICE.** A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 16th day of October, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE